UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN EVENTS, INC., an Oregon corporation, d/b/a The Materials Show,<br><br>        Plaintiff,<br><br>    v.<br><br>RELX, INC., a Delaware corporation d/b/a REED EXHIBITIONS and RX; RX GLOBAL, INC., a Delaware corporation; PERFORMANCE DAYS; STEPHEN MCCULLOUGH, an individual; and JOHN JOSEF, an individual,<br><br>        Defendants. | Case No. 3:22-cv-01649-YY<br><br>OPINION AND ORDER |

Plaintiff American Events, Inc. and defendant RELX, Inc. are competitors in the trade show business. *See* Compl. ¶ 1, ECF 1-2. Plaintiff brought this suit after discovering that individuals affiliated with or employed by RELX had improperly gained access to plaintiff's trade show and allegedly took commercially valuable information, such as vendor lists, and then used that information to solicit vendors for RELX's competing trade show. *Id.* Plaintiff has brought suit against RELX and two individuals, Stephen McCullough and John Josef, for misappropriation of trade secrets, conversion, intentional inference with economic relations, and breach of contract.[1] *Id.* ¶¶ 1–8, 45–65.

---

[1] Plaintiff also sued RX Global, Inc. and Performance Days, but they have been dismissed from the case. *See* Not. Dismissal (Jan. 17, 2023), ECF 17.

1 – OPINION AND ORDER

Currently pending is plaintiff's Motion for Leave to File Second Amended Complaint, which seeks to add a claim for fraud against defendants based on facts that plaintiff asserts it learned during discovery, in particular Josef's deposition. Mot. Amend. 3–4, ECF 31. Plaintiff also seeks to "add and make more specific common allegations of fact" learned through the course of discovery. *Id.* at 2.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend] when justice requires." *Id.* The discretion whether to allow leave to amend is guided by the underlying purpose of Rule 15(a), which is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). Thus, leave to amend is to be granted with "extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Leave to amend is not, however, automatically granted. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave may be denied "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (simplified). Prejudice is the most important factor. *Eminence Capital*, 316 F.3d at 1052. Futility may support denial of a motion to

amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citations omitted).

Defendants argue that plaintiff unduly delayed in seeking leave to amend because plaintiff "knew the facts underlying its proposed fraud claim when it filed its original complaint" in part because plaintiff's original complaint alleged that defendants "improperly and fraudulently gained access [to trade secrets]." Josef Resp. 4–5, ECF 37 (citing Compl. ¶¶ 1–2, 24–25, ECF 1-2); *see also* RELX Resp. 11–12, ECF 38. Josef also asserts that he is prejudiced by the proposed amendment because plaintiff did not seek leave to amend until the day before the fact discovery cut-off. Josef Resp. 7, ECF 37. The other defendants do not provide any argument for why the proposed amendments would be prejudicial to them.

Plaintiff asserts that the specific facts supporting its new fraud claim were brought to light during discovery, in particular, the October 20, 2023 deposition of Josef. Reply 4–5, ECF 44. Josef testified that he deliberately obscured his identity to gain access to plaintiff's trade fair, and then took efforts to avoid being noticed or correctly identified while at the trade fair. *See* Rask Decl., Ex. 1 (Josef Dep.) 22:15–24; 23:4–19; 25:5–11, ECF 45-1. Josef also testified that he had engaged in similar conduct in the past for other trade shows, and that he believed other RELX employees had as well. *Id.* at 19:4–14; 20:3–21. Further, Josef testified that, at RELX's and McCulloch's direction, he solicited exhibitors, vendors, and other participants at plaintiff's trade show to promote RELX's competing show. *Id.* 40:12–41:25. Emails produced from RELX in discovery show that McCulloch wanted to "send a spy" to plaintiff's show and that he directed Josef "not to wear" a shirt that would identify him as being affiliated with RELX's competing trade fair. Rask Decl., Ex. 2 at 4–5, ECF 32-2. Shortly after plaintiff learned these specific facts

3 – OPINION AND ORDER

in October, plaintiff sought leave to amend on November 3, 2024. There is no undue delay here. *See Munoz v. Elevator Serv. Co. of Cent. California, Inc.*, No. 5:13-cv-02374-RMW, 2014 WL 5511475, at *2 (N.D. Cal. Oct. 31, 2014) (finding no undue delay where plaintiffs' "amendment was made promptly after the depositions of [defendants] and after plaintiffs had clearer evidence to support a claim against" new party). Nor would the addition of a fraud claim cause a "radical shift in direction of the case," *Wroth v. City of Rohnert Park*, No. 4:17-cv-05339-JST, 2018 WL 6439120, at *3 (N.D. Cal. Dec. 7, 2018), that might warrant denying leave to amend. As defendant's briefing recognized, plaintiff's original complaint suggested that a fraud claim might materialize, and the court is wary to find fault in plaintiff's counsel decision to wait to plead a fraud claim until the facts were sufficiently developed to support alleging such a claim in good faith as required by the federal rules. *See* Reply 4, ECF 44 ("Though Plaintiff certainly suspected improper conduct rising to common law fraud on the part of Defendants at the commencement of this case, such suspicions were not adequately supported until substantial completion of discovery.").

"Undue prejudice to the opposing party is the 'touchstone' of the Rule 15(a) inquiry and carries the greatest weight." *Mattson v. VMV Grp., LLC*, No. 3:23-cv-00034-AR, 2023 WL 7404555, at *2 (D. Or. Nov. 9, 2023) (citing *Eminence Capital*, 316 F.3d at 1052). The only prejudice that defendants assert is that "discovery has closed." Josef Resp. 7, ECF 37. But since plaintiff's motion was filed, the parties have agreed to extend the discovery deadline, and trial is not scheduled to begin for over seven months, on October 21, 2024. Thus, the circumstances do not establish the undue prejudice that would justify denying plaintiff leave to amend. *Wroth*, 2018 WL 6439120 at *3 ("The vague resource[e] burdens cited by Defendants are not a basis for denying leave to amend."); *Pineida v. Lee*, No. 3:12-cv-01171-JST, 2014 WL 2927160, at *3

4 – OPINION AND ORDER

(N.D. Cal. June 26, 2014) ("The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.") (quoting *U.S. ex rel Maritime Admin. v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago,* 889 F.2d 1248, 1255 (2d Cir.1989)).

Finally, McCullough and RELX oppose plaintiff's motion on the basis that the proposed amendments are futile. First, they assert that plaintiff does not allege that "McCullough made a material misrepresentation that was false or that [p]laintiff justifiably relied upon any misrepresentation by McCullough." McCullough Resp. 4, ECF 40; *see also* RELX Resp. 13–14, ECF 38. Under Oregon law, "persons acting in concert may be liable jointly for one another's torts under any one of the three theories identified in Restatement section 876." *Granewich v. Harding*, 329 Or. 47, 55 (1999); *see also AccentCare Home Health of Rogue Valley, LLC v. Bliss*, No. 1:16-CV-01393-CL, 2017 WL 8948596, at *5 (D. Or. Apr. 13, 2017), *report and recommendation adopted,* No. 1:16-CV-1393-CL, 2017 WL 2464436 (D. Or. June 7, 2017). That section of the Restatement provides:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876.

5 – OPINION AND ORDER

As detailed above, plaintiff alleges that McCulloch wanted to "send a spy" to plaintiff's show and that he directed Josef "not to wear" a shirt that would identify him as being affiliated with RELX's competing trade fair. Rask Decl., Ex. 2 at 4–5, ECF 32-2. That is sufficient to state a claim for fraud against all defendants for their joint participation in Josef's alleged scheme to deliberately obscure his identity to gain access to plaintiff's trade fair and plaintiff's allegedly commercially valuable information. *See* Rask Decl., Ex. 1 (Josef Dep.) 22:15–24; 23:4–19; 25:5–11, ECF 45-1.

Defendant RELX also asserts that testimony from one of plaintiff's principals establishes that plaintiff's vendor list is not actually a trade secret, or that defendants' misrepresentations were not material. RELX Resp. 5–8, 13–14, ECF 38. Those arguments and evidence go to the underlying merits of plaintiff's claims, which is not appropriately the subject of either a motion for leave to amend the complaint or a motion to dismiss for failure to state a claim. *Unicorn Energy GMBH v. Tesla Inc.*, No. 5:21-cv-07476-BLF, 2022 WL 16528138, at *2 (N.D. Cal. Oct. 28, 2022) ("Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.' ") (quoting *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 5:19-cv-01279-LHK, 2020 WL 836712, at *14 (N.D. Cal. Feb. 20, 2020)); *see also Lopez v. Apple, Inc.*, 558 F. Supp. 3d 821, 825 (N.D. Cal. 2021) ("As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' ") (quoting *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

//
//
//

**ORDER**

Plaintiff's Motion for Leave to File Second Amended Complaint [31] is granted. Plaintiff shall file the proposed Second Amended Complaint attached as an exhibit to the motion for leave within seven days of this order.

IT IS SO ORDERED.

DATED March 8, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

7 – OPINION AND ORDER