B. Scott Whipple, OSB #983750
scott@whipplelawoffice.com
Whipple Law Office, LLC.
210 SW Morrison Street., Suite 600
Portland, OR  97204
Telephone 503-222-6004
   Of Attorneys for Stephen McCullough

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN EVENTS, INC., an Oregon corporation, d.b.a The Materials Show,<br><br>Plaintiff,<br><br>vs.<br><br>RELX, INC., a Delaware Corporation dba REED EXHIBITIONS and RX; RX GLOBAL, INC., a Delaware Corporation; PERFORMANCE DAYS; STEPHEN McCULLOUGH, an individual; and JOHN JOSEF, an individual,<br><br>Defendants. | No. 22-cv-01649-YY<br><br>STEPHEN MCCULLOUGH'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM<br><br>DEMAND FOR JURY TRIAL |

Defendant Stephen McCullough ("McCullough") answers the Amended Complaint ("Complaint") of American Events, Inc. ("Plaintiff") as follows:

1.

The first sentence of Paragraph 1 of the Complaint is a self-serving statement that contains no allegations and no response is required.  To the extent a response is required, McCullough denies the allegations contained in Paragraph 1 of the Complaint.

The rest of Paragraph 1 of the Complaint contains allegations directed towards both defendant John Josef ("Josef") and McCullough.  With respect to the allegations directed towards Josef, McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.  Whit respect to the allegations directed at McCullough, McCullough denies them.

2.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint and on that basis denies them.

3.

McCullough admits the allegations contained in Paragraph 3 of the Complaint.

4.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis denies them.

5.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint and on that basis denies them.

6.

McCullough admits the allegations contained in Paragraph 6 of the Complaint.

7.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis denies them.

8.

The allegations in Paragraph 8 contain legal conclusions to which no response is required.

9.

McCullough admits that Plaintiff conducts shows for footwear materials and sourcing and is in the business of connecting footwear material suppliers with footwear manufacturers. Except as specifically admitted above, McCullough denies the allegations contained in Paragraph 9 of the Complaint.

10.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis denies them.

11.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies them.

12.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis denies them.

13.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis denies them.

14.

McCullough admits that in the past that Plaintiff has conducted multiple shows. With respect to the remaining allegations contained in Paragraph 14 of the Complaint, McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

15.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis denies them.

16.

The allegations in Paragraph 16 contain legal conclusions to which no response is required. To the extent a response is required, McCullough denies the allegations contained in Paragraph 16 of the Complaint.

17.

McCullough lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and on that basis denies them.

18.

McCullough denies the allegations contained in Paragraph 18 of the Complaint.

19.

McCullough admits that he is not a buyer or vendor of footwear materials. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 19 of the Complaint.

20.

McCullough admits that in 2019 that Hisham Muhareb asked him to leave a public area of the Oregon Convention Center. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 20 of the Complaint.

21.

McCullough admits that he received an email stating that he was not welcome to attend the 2019 The Materials Show. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 21 of the Complaint.

22.

The allegations in Paragraph 22 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

23.

The allegations in Paragraph 23 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

24.

The allegations in Paragraph 24 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or

information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

25.

The allegations in Paragraph 25 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

26.

McCullough admits that on October 26-27, 2022, RELX Inc. held a Functional Fabric Fair at the Oregon Convention Center. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 26 of the Complaint.

27.

McCullough admits that it held a Functional Fabric Fair in 2019 geared towards apparel sports materials. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 27 of the Complaint.

28.

McCullough denies the allegations contained in Paragraph 28 of the Complaint.

29.

McCullough admits that RELX Inc.'s October 26-27 Functional Fabric Fair was successful. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 29 of the Complaint.

30.

McCullough admits that as of October 4, 2022, 180 exhibitors were expected to attend the October 26-27, 2022, Functional Fabric Fair. Except as specifically admitted, McCullough denies the allegations contained in Paragraph 30 of the Complaint.

31.

McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 31 of the Complaint and on that basis denies them.

32.

McCullough admits the allegations contained in Paragraph 32 of the Complaint.

33.

The cease-and-desist letter speaks for itself and no response is required. To the extent a response is required, McCullough denies engaging in or aiding or abetting the solicitation of Plaintiff's customers and exhibitors using Plaintiff's trade secrets, client lists, proprietary data or other confidential information.

34.

The cease-and-desist letter speaks for itself and no response is required. To the extent a response is required, McCullough denies he made any harassing phone calls or emails to Plaintiff's vendors, buyers or industry professionals.

35.

The cease-and-desist letter speaks for itself and no response is required. To the extent a response is required, McCullough denies he took any of Plaintiff's materials.

36.

McCullough admits the allegations contained in Paragraph 36 of the Complaint.

37.

The September 2022 emails from Ms. Young speak for themselves and no response is required.

38.

The September 9, 2022, email from Ms. Young speaks for itself and no response is required.

39.

McCullough denies ever entering any of Plaintiff's shows and admits that Defendant RELX, Inc. has instructed him not to enter any of Plaintiff's future shows.

40.

McCullough denies the allegations contained in Paragraph 40 of the Complaint.

41.

McCullough denies the allegations contained in Paragraph 41 of the Complaint.

42.

McCullough denies the allegations contained in Paragraph 42 of the Complaint.

43.

McCullough denies the allegations contained in Paragraph 43 of the Complaint.

44.

McCullough admits and denies the respective allegations in Paragraphs 1-43 as set forth above.

45.

McCullough denies the allegations contained in Paragraph 45 of the Complaint.

46.

McCullough admits and denies the respective allegations in Paragraphs 1-45 as set forth above.

47.

The allegations contained in Paragraph 47 of the Complaint contain legal conclusions to which no response is required.

48.

McCullough denies the allegations contained in Paragraph 48 of the Complaint.

49.

McCullough denies the allegations contained in Paragraph 49 of the Complaint.

Page 8    STEPEHN MCCULLOUGH'S ANSWER AND
AFFIRMATIVE DEFENSES TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM

WHIPPLE LAW OFFICE, LLC.
210 SW Morrison Street, Suite 600
Portland, OR 97204
503.222.6004

50.

McCullough denies the allegations contained in Paragraph 50 of the Complaint.

51.

McCullough denies the allegations contained in Paragraph 51 of the Complaint.

52.

McCullough denies the allegations contained in Paragraph 52 of the Complaint.

53.

McCullough denies the allegations contained in Paragraph 53 of the Complaint.

54.

McCullough denies the allegations contained in Paragraph 54 of the Complaint.

55.

McCullough admits and denies the respective allegations in Paragraphs 1-54 as set forth above.

56.

McCullough denies the allegations contained in Paragraph 56 of the Complaint.

57.

McCullough denies the allegations contained in Paragraph 57 of the Complaint.

58.

McCullough denies the allegations contained in Paragraph 58 of the Complaint.

59.

McCullough denies the allegations contained in Paragraph 59 of the Complaint.

60.

McCullough denies the allegations contained in Paragraph 60 of the Complaint.

61.

McCullough admits and denies the respective allegations in Paragraphs 1-60 as set forth above.

62.

McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 62 of the Complaint and on that basis denies them.

63.

McCullough denies the allegations contained in Paragraph 63 of the Complaint.

64.

McCullough denies the allegations contained in Paragraph 64 of the Complaint

65.

McCullough denies the allegations contained in Paragraph 65 of the Complaint.

66.

McCullough denies the allegations contained in Paragraph 66 of the Complaint

67.

McCullough denies the allegations contained in Paragraph 67 of the Complaint

68.

McCullough denies the allegations contained in Paragraph 68 of the Complaint

69.

McCullough admits and denies the respective allegations in Paragraphs 1-68 as set forth above.

70.

Plaintiff's terms and conditions speak for themselves and no response is required. McCullough specifically denies that he entered into a contractual relationship with Plaintiff or otherwise expressly and/or impliedly agreed to any of AEI's terms and conditions.

71.

McCullough denies the allegations contained in Paragraph 71 of the Complaint.

Page 10    STEPEHN MCCULLOUGH'S ANSWER AND
AFFIRMATIVE DEFENSES TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM

WHIPPLE LAW OFFICE, LLC.
210 SW Morrison Street, Suite 600
Portland, OR 97204
503.222.6004

72.

McCullough denies the allegations contained in Paragraph 72 of the Complaint.

73.

McCullough admits and denies the respective allegations in Paragraphs 1-72 as set forth above.

74.

The allegations contained in the first sentence of Paragraph 74 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, McCullough admits that at all materials times that he was employed by Defendant RELX, Inc. and denies the remaining allegations contained in Paragraph 74 of the Complaint.

75.

The allegations in Paragraph 75 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

76.

With respect to the allegations in Paragraph 76 that are directed to other defendants and to no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them. McCullough specifically denies that Defendant Josef was working at his direction.

77.

McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 77 of the Complaint and on that basis denies them.

Page 11   STEPEHN MCCULLOUGH'S ANSWER AND
AFFIRMATIVE DEFENSES TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM

WHIPPLE LAW OFFICE, LLC.
210 SW Morrison Street, Suite 600
Portland, OR 97204
503.222.6004

78.

The allegations in Paragraph 78 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

79.

The allegations in Paragraph 79 are directed to other defendants and no response is required. To the extent a response is required, McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

80.

McCullough is without knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 80 of the Complaint and on that basis denies them.

81.

McCullough denies the allegations contained in Paragraph 81 of the Complaint.

82.

McCullough denies the allegations contained in Paragraph 82 of the Complaint.

83.

McCullough denies the allegations contained in Paragraph 83 of the Complaint.

84.

Except as expressly admitted above, McCullough denies each and every allegation in the Complaint and the whole thereof, denies that he has engaged in any wrongdoing, denies that he owes Plaintiff any moneys whatsoever and denies that Plaintiff is entitled to injunctive relief, any damages, any costs or attorney fees or other relief from McCullough.

Page 12    STEPEHN MCCULLOUGH'S ANSWER AND
AFFIRMATIVE DEFENSES TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM

WHIPPLE LAW OFFICE, LLC.
210 SW Morrison Street, Suite 600
Portland, OR 97204
503.222.6004

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

85.

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Waiver)

86.

Plaintiff, by its words or conduct, have waived the claims brought in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

87.

Plaintiffs, as a result of its' own words or conduct, is estopped from bringing the claims brought in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(No Misappropriation)

88.

McCullough did not acquire or use any of Plaintiff's trade secrets.

### FIFTH AFFIRMATIVE DEFENSE

(Memory)

89.

It is not unlawful for McCullough to use his memory during the course of his employment.

### SIXTH AFFIRMATIVE DEFENSE

(No Improper Purpose or Improper Means)

90.

McCullough did not compete with Plaintiff through improper means or for an improper purpose.

### SEVENTH AFFIRMATIVE DEFENSE

(Business Competitor Privilege)

91.

RELX Inc. has a business competitor privilege to compete with Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

(Good Faith Lack of Knowledge)

92.

McCullough did not know, and, in the exercise of reasonable care, could not have known of the existence of facts under which any Defendant could be held liable to Plaintiff.

93.

Due to his good faith lack of knowledge regarding the existence of any facts under which any Defendant could be held liable to Plaintiff, McCullough cannot be held liable to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Negligence)

94.

Plaintiff's damages, if any, were caused in whole or in part by its own negligence. Accordingly, McCullough cannot be held liable for Plaintiff's losses.

### TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

95.

Plaintiff has failed to mitigate its damages and McCullough should not be held liable for damages which Plaintiff could have avoided.

### ELEVENTH AFFIRMATIVE DEFENSE

(Remote and Speculative Damages)

96.

Plaintiff's alleged damages are too remote and speculative to support a claim for relief, and Plaintiff's claims should therefore be dismissed.

### TWELVTH AFFIRMATIVE DEFENSE

(Alternate Causation)

97.

Plaintiff's losses, if any, were caused by market conditions existing in the relevant markets and not by any actions of any Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

98.

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Trade Secrets)

99.

Plaintiff's alleged "Protected Information" does not qualify as a trade secret under ORS 646.641 *et seq*.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Preemption)

100.

Plaintiff's claims are preempted, in whole or in part, by Oregon's Uniform Trade Secrets Act, ORS 646.641 *et seq*.

## INCORPORATION OF ADDITIONAL AFFIRMATIVE DEFENSES

101.

McCullough hereby incorporates the affirmative defenses of all other defendants in this action.

## FIRST COUNTERCLAIM

(Attorney Fees)

102.

Plaintiff made its claim of misappropriation against McCullough without evidence and in bad faith.

103.

The Court should award McCullough his reasonable attorney fees pursuant to ORS 646.467(1).

WHEREFORE, McCullough respectfully requests that the Court award the following relief:

a. Dismiss the Complaint in its entirety, with prejudice, and enter judgment in favor of McCullough as to each of Plaintiff's claims for relief against him;

b. Award McCullough his reasonable attorney fees;

c. Award McCullough his costs and disbursements incurred herein; and

d. Award McCullough such other and further relief as this Court deems just and proper

DATED this 29th day of March, 2024.

                              Respectfully submitted,

                              Whipple Law Office, LLC.

By:   *B. Scott Whipple*_____
       B. Scott Whipple, OSB #983750
       Telephone 503-222-6004
       Of Attorneys for Stephen McCullough

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2024, I served the foregoing STEPHEN MCCULLOUGH'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM on:

Thomas T. Rask, III
trask@kelrun.com
Mathew W. Lauritsen
mlauritsen@kelrun.com
KELL, ALTERMAN & RUNSTEIN, LLP
520 SW Yamhill Street, Suite 600
Portland, OR 97204
*Attorneys for Plaintiff*

Justin C. Sawyer
justin.sawyer@millernash.com
Joshua M. Sasaki
josh.sasaki@millernash.com
Kattie Bennett
katie.bennett@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave., Suite 3400
Portland, OR 97204
*Attorneys for Reed Exhibitions, a Division of RELX Inc.*

Julie R. Vacura
jvacura@lvklaw.com
Brett Applegate
bapplegate@lvklaw.com
David G. Samuels
dsamuels@lvklaw.com
LARKINS VACURA KAYSER LLP
121 SW Morrison Street, Suite 700
Portland, OR 97204
*Attorneys for John Josef*

☒ By electronic means through the Court's Case Management / Electronic Case File system on the date set forth below;

DATED this 28th day of November, 2024.

*B. Scott Whipple*
B. Scott Whipple, OSB #983750

Page 1 -    CERTIFICATE OF SERVICE

WHIPPLE LAW OFFICE, LLC.
210 SW Morrison Street Suite 600
Portland, OR 97204
503.222.6004